IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

               Plaintiff,

      v.

MARK  BRUMMITT,

               Defendant.

OPINION AND ORDER

08-cv-215-bbc
04-cr-127-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Mark Brummitt has filed a timely motion for postconviction relief under 28 U.S.C. § 2255.  He contends that his conviction is invalid for three reasons:  (1) his attorney did not provide him effective assistance; (2) no interstate commerce was involved in his crime, making it illegal to charge him with a federal crime; (3) he has been subjected to double jeopardy because his federal sentence was not imposed to run concurrently with his state sentence.

Defendant's first contention has several subparts.  One is that his attorney was ineffective because he did not take a timely plea of guilty.  This contention is true but irrelevant because the court of appeals accepted the untimely appeal and granted defendant's

1

motion for resentencing, which was carried out on September 6, 2006.  The second contention is that counsel did not explain the charges against defendant or the full spectrum of charges to which he would be subject.  Even if this contention is an accurate one, it too is irrelevant because all of those matters were explained in full to defendant at the time of his plea hearing.  Defendant advised the court that he understood the charges and the full range of penalties to which he would be subject.  Having made those representations to the court, defendant is bound by them.  Third, defendant says he pleaded unknowingly to "the enhancements."  He does not explain what these enhancements might be.  I am aware of none, unless he is referring to the fact that his federal sentence was imposed to run consecutively to the undischarged portion of his state sentence, a subject I will address in connection with his third contention.  I cannot conclude that his conviction should be reversed because of the alleged ineffective assistance of his trial counsel.

Defendant's second contention of "lack of interstate commerce" seems to be based on his belief that the pornography he received was neither shipped nor received in interstate commerce.  His belief is misplaced.  As he himself says, "commerce is the exchange of goods or services."  When those goods or services involve or affect the movement of goods and services across state lines, they constitute interstate commerce.  The internet operates worldwide, just as the mail services does; if either of those means is used to distribute child pornography, it is reasonable for Congress to classify the communication as moving in

2

interstate commerce.

For his third contention, defendant argues that because the term of imprisonment "that resulted from the instant offense also increased the sentence length for the instant offence by increasing the criminal history points, the sentence length should be concurrent so as to not incur double jeopardy." Def.'s M., dkt. #47, at 4. Although this objection lacks clarity and specificity, I think defendant may be arguing that it constitutes double jeopardy to run his federal sentence consecutively to the undischarged portion of his Oneida County, Wisconsin conviction. He seems to base his double jeopardy argument on the fact that he received criminal history points for a prior pornography conviction in Oneida County and then received additional points because he committed this offense while on probation in Oneida County and because the offense was committed within two years of his release from the term of imprisonment he served on the same conviction. Assuming this interpretation is correct, it does not advance defendant's motion for relief.

First, defendant failed to raise this issue on direct appeal from his resentencing. As the Court of Appeals for the Seventh Circuit has said on many occasions, § 2255 is not intended to be either a substitute for a direct appeal. "An issue not raised on direct appeal is barred from collateral review absent a showing of both *good* cause for failure to raise claims on direct appeal and actual *prejudice* from the failure to raise those claims or if a refusal to consider the issue would lead to a fundamental miscarriage of justice." Prewitt v. United

3

States, 83 F.3d 812, 816 (7th Cir. 1996) (citing Reed v. Farley, 512 U.S. 339, 354 (1994)).
See also Bousley v. United States, 523 U.S. 614 (1998).

Defendant cannot show any prejudice from the failure to raise his double jeopardy claim on appeal.  The sentencing guidelines direct the imposition of consecutive sentences *and* additional criminal history points for situations such as defendant's, which involve the commission of new crimes before the sentences imposed for prior crimes have been served.  In the sentencing commission's view, the likelihood of an offender's committing new crimes in the future is much greater when the offender has shown that he is unable to refrain from criminal activity while under community supervision.  Extending the length of an offender's sentence on these grounds does not constitute double jeopardy.  The offender is not being punished twice for the same crime, but is being punished for having committed the new crime under certain specific circumstances, which include his release status and the length of time that has passed since his most recent conviction.

Defendant has shown no reason why his motion for postconviction relief should be granted.  Therefore, the motion will be denied.


ORDER

IT IS ORDERED that defendant Mark Brummitt's motion for postconviction relief

4

under 28 U.S.C. § 2255 is DENIED.

Entered this 13th day of May, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5