IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                         ORDER

      v.                                        04-cr-127-bbc-1

MARK F. BRUMMITT,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition to modify Mark F. Brummitt's term of supervised release was held on November 7, 2014, before United States District Judge Barbara B. Crabb. The government appeared by United States Attorney John W. Vaudreuil. Defendant was present in person and represented by Associate Federal Defender Joseph Bugni. Also present was United States Probation Officer Nicholas A. Tuma.

Defendant was sentenced originally in the Western District of Wisconsin on January 13, 2005, following his conviction for possession of CD-Rom disks that were transported in interstate and foreign commerce and contained visual depictions of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). This offense

1

is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 162 months, with a three-year term of supervised release to follow. On September 6, 2006, defendant was resentenced to serve a term of imprisonment of 125 months, with a three-year term of supervised release to follow, after his case was remanded for resentencing by the Court of Appeals for the Seventh Circuit.

Defendant is scheduled to begin his term of supervised release on November 10, 2014. The probation office is seeking to amend his conditions of supervision to include placement in a residential reentry center, an order requiring defendant to have GPS monitoring, and a prohibition on defendant's working in any occupation, business or profession or participating in any volunteer activity in which he has access to children under the age of 18 without the prior approval of the supervising U.S. probation officer. The probation office is also seeking to amend the language for Special Conditions 1, 2, 4 and 7.

The additional special conditions of supervision are appropriate for the following reasons: On January 12, 2013, defendant submitted an "Inmate Request to Staff" form, while housed at FCI-Sandstone, stating his intention to abscond from supervision if he was required to be released within the state of Wisconsin. He has since refused to cooperate with release planning in the Western District of Wisconsin. On October 30, 2014, during a routine search at FCI-Sandstone, officers located numerous items in defendant's secured

2

locker in his personal cubicle, including defendant's bank and financial records for financial holdings in foreign countries as well as in the United States; an article about sex offender registration requirements in foreign countries; photocopied sections of a book pertaining to the creation of new identities and a short story graphically describing the sexual abuse of a ten-year-old boy.

Taking into consideration defendant's two prior convictions for criminal sexual conduct involving minor victims, his history of child pornography-related convictions dating back to 1989, his prior conviction for failure to comply with the sex offender registry requirements and the items found in his secured locker, I find that defendant presents a serious risk of danger to minors. His failure to cooperate with release planning adds to the the risk of danger he presents to the public. The documents found in his prison cubicle indicate that he has the means and has formed the intent to flee the United States.

The modifications of the remaining conditions are justified to comply with current Seventh Circuit case law and the effect of technological changes in the nearly nine years since defendant's original sentence was imposed.

Defendant's special conditions of supervision are modified as follows:

<u>Addition of Special Condition No. 8</u>: Spend 120 days in a residential reentry center, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment, and for passes consistent with program rules. Defendant is to pay his own medical

3

expenses, if any, and is to pay 25% of his gross income toward the daily cost of his residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer.

Addition of Special Condition No. 9: Submit to electronic monitoring for the first 360 days of supervised release using the Global Positioning Satellite (GPS) monitoring or similar technology. Defendant may be discharged early from the location monitoring program upon the approval of the supervising U.S. probation officer.

Addition of Special Condition No. 10: Not work in any occupation, business or profession or participate in any volunteer activity in which he has access to children under the age of 18 without the prior approval of the supervising U.S. probation officer.

Addition of Special Condition No. 11: Provide the supervising U.S. probation officer any and all requested financial information, including copies of state and federal tax returns, and refrain from incurring new credit charges, opening additional lines of credit or opening other financial accounts without the prior approval of the supervising U.S. probation officer.

Updated Language for Special Condition No. 1: Provide the supervising U.S. probation officer advance notification of any devices he will use during the term of his supervised release that are associated with or that fall under the general category of information technology that produce, manipulate, store, communicate or disseminate information. The probation office is authorized to install any application as necessary on any such devices owned or operated by defendant and shall randomly monitor those media. Defendant shall consent to and cooperate with unannounced examinations of any technological equipment owned or used by him, including but not limited to retrieval and copying of all information technology devices and any internal or external peripherals. The examinations may involve removal of such equipment for the purpose of conducting examination.

Updated Language for Special Condition No. 2: Not possess any material containing child pornography, as defined in 18 U.S.C. § 2256(8), including

photographs, books, writings, drawings, videos and video games.

<u>Updated Language for Special Condition No. 4</u>: Not associate with any person under the age of 18 or have verbal, written, telephonic or electronic communication with any such person, except with the express permission of the minor's parent or legal guardian and the supervising U.S. probation officer. This provision does not include persons under the age of 18, such as waiters, cashiers, ticket venders, etc., with whom defendant must deal to obtain ordinary and usual commercial services.

<u>Updated Language for Special Condition No. 7</u>: Undergo a psychosexual evaluation, which may involve use of Abel Screen and polygraph or plethysmograph examinations or similar technology, as approved by the supervising U.S. probation officer. Defendant shall participate in and successfully complete an outpatient sex offender counseling program if recommended by the evaluator, as approved by the supervising U.S. probation officer and the treatment provider.

Defendant is to be detained until such time as he enters the designated residential reentry center.

Entered this ___7th___ day of November 2014.

BY THE COURT:

Barbara B. Crabb
BARBARA B. CRABB
District Judge

5