IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                              ORDER

   v.

                                                      04-cr-127-bbc-1

MARK F. BRUMMITT,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of Mark F. Brummitt's supervised release was held on February 12, 2016, before U.S. District Judge Barbara B. Crabb. The government appeared by U.S. Attorney John Vaudreuil. Defendant was present in person and by counsel Mark Maciolek. Also present was Deputy Chief U.S. Probation Officer Tracy Russom.

      From the record I make the following findings of fact.

## FACTS

      Defendant was sentenced in the Western District of Wisconsin on January 13, 2005 and resentenced on September 6, 2006, following his conviction for possession of CD-ROM Disks that were transported in interstate and foreign commerce and contained visual depictions of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. §2252(a)(4)(b). This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons for a term of 162 months that was later reduced to 125 months, to run consecutively to the

1

probation revocation term imposed by the Circuit Court for Oneida County, Wisconsin, case no. 01CF167.  The term of imprisonment was to be followed by a three-year term of supervised release.  Defendant began his term of supervised release on November 10, 2014.

Defendant violated Special Condition No. 1, requiring him to provide the supervising U.S. probation officer advance notification of any devices associated with or falling within the general category of information technology that produce, manipulate, store, communicate or disseminate information that he would be using during the term of supervision.  The probation office is authorized to install any application as necessary on any such device owned or operated by defendant and shall randomly monitor those media. Defendant shall consent to and cooperate with unannounced examinations of any technological equipment owned or used by him, including but not limited to retrieval and copying of all data from all information technology devices and any internal or external peripherals. The examinations may involve removal of such equipment for the purpose of conducting an examination.

Defendant was found to in possession of two unauthorized cell phones, four USB storage devices, several movies, and hundreds of CDs used for data storage.  He also admitted using search engines on his monitored computer to search juvenile literature, anime and movies depicting young lost and troubled boys. He also admitted possessing CDs containing "family pictures," which included his victims posing in staged, seductive positions. Defendant admitted he staged and took the pictures for the purpose of sexual gratification.  He also admitted on several occasions to his treatment provider and to his probation officer that he used unmonitored computers without permission from the probation office.

Defendant violated Special Condition No. 4, prohibiting him from associating with any person under the age of 18 or having verbal, written, telephonic or electronic communication

with any such person, except with the express permission of the minor's parent or legal guardian and the supervising U.S. probation officer. Defendant admitted talking to persons under the age of 18 along a bike path on several occasions without permission from the probation officer.

Defendant violated Special Condition No. 7, requiring him to undergo a psychosexual evaluation that could involve use of Abel Screen and polygraph or plethysmograph examinations or similar technology, as approved by the supervising U.S. probation officer. Defendant was to participate in and successfully complete an outpatient sex offender counseling program if recommended by the evaluator, as approved by the supervising U.S. probation officer and the treatment provider. Defendant has been resistant to treatment and has not complied with the sex offender counseling program requirements.

Defendant violated Standard Condition No. 9, prohibiting him from associating with any persons engaged in criminal activity. In addition, he was not to associate with any person convicted of a felony unless granted permission to do so by the probation office. Defendant admitted sending books and other magazine clippings to several inmates without permission from the probation officer.

Defendant's conduct falls into the category of Grade C violations under U.S.S.G. § 7B1.1(a)(3). Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke supervised release, extend the term of supervised release or modify the conditions of supervision upon a finding of a Grade C violation.

CONCLUSIONS

Defendant's violations will require revocation if his noncompliance continues. To provide him an opportunity to show he can comply with the conditions of his supervised release, the three-year term of supervised release imposed on defendant on January 13, 2005 and amended on September 6, 2006, will be continued for 90 days. If defendant continues to resist these efforts, the court will reevaluate his violations and the need for further supervision.

Defendant's criminal history category is IV. With a Grade C violation, he would have an advisory guideline range of imprisonment of 8 to 14 months. The statutory maximum to which he can be sentenced upon revocation is two years under 18 U.S.C. § 3583(e)(3), because the offense of conviction is a Class C felony. 18 U.S.C. 3583(h) authorizes another term of supervised release to follow imprisonment.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on January 13, 2005, and reimposed on September 6, 2006, is CONTINUED. Defendant shall remain on supervised release and comply fully with all standard and special conditions of supervised release previously imposed, all of which remain in effect.

Entered this 12th day of February, 2016.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge