IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,                ORDER

       v.                           04-cr-127-jdp-1

MARK F. BRUMMITT,

                Defendant.

---

A hearing on the probation office's petition for judicial review of Mark F. Brummitt's supervised release was held on September 7, 2021, before U.S. District Judge James D. Peterson. The government appeared by Assistant U.S. Attorney Laura Przybylinski Finn. Defendant was present in person and by counsel William Jones. Also present was Senior U.S. Probation Officer Nicholas Tuma.

From the record I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on January 13, 2005, following his conviction for Possession of CD-ROM disks that were transported in interstate and foreign commerce and contained visual depictions of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 162 months, to run consecutively to the probation revocation term imposed on him by the Circuit Court for Oneida County, Wisconsin, in Case No. 01CF167, with a three-year term of supervised release to

follow. On September 6, 2006, his federal sentence was amended to 125 months' imprisonment, to run consecutively to the probation revocation term imposed in Case No. 01CF167. The three-year term of supervised release was unchanged. Defendant began his first term of supervised release on November 10, 2014. On June 17, 2016, his supervised release was revoked, and he was sentenced to 14 months' custody, to be followed by a 22-month term of supervised release. On June 14, 2017, defendant began his second term of supervised release. This term of supervised release was revoked on January 29, 2019, and he was sentenced to 14 months' custody, to be followed by a 22-month term of supervised release. Defendant's third term of supervised release was revoked on September 11, 2020. He was sentenced to another 14 months' custody, to be followed by a 22-month term of supervised release. The aforementioned revocations were based upon his unauthorized possession and use of technology devices, prohibited contact with minors, and refusal to comply with sex offender treatment.

Defendant began his fourth term of supervised release on February 11, 2021.

Defendant violated Standard Condition No. 2 requiring him to follow the probation officers' instructions. There were several occasions since the commencement of his term of supervised release where defendant failed to follow the instructions of the U.S. Probation Office and his treatment provider regarding his ability to manage his high-risk behaviors in the community. I find, over defendant's own denials, that defendant has gone to parks where children play, finding places to sit to watch them, and returning to those same parks in hopes to see those same children again because he was attracted to them. Defendant divulged masturbating to the thoughts of children, which reinforces his high-risk thoughts and behaviors.

Defendant violated Special Condition No. 3 prohibiting him to meet or spend time with any person under the age of 18 when the defendant admitted to his supervising probation officer

2

he spoke to and spent time with individuals under the age of 18 without permission. I find that defendant has spoken with persons under the age of 18 while riding his bicycle on bike paths. He also was in a restroom with a boy under the age of 18, and then had a long conversation with the boy's father afterward. Although defendant denies conversing with the boy, defendant spent time with the boy and his father without the permission of the supervising officer.

Defendant violated Special Condition No. 7 requiring him to undergo psychosexual evaluations which involve the use of polygraph examinations and to participate in outpatient sex offender counseling. Defendant is required to follow all treatment requirements and restrictions. On June 17, 2021, he showed a "significant response indicative of deception" during a polygraph examination. Defendant has not followed all the instructions and directives from his treatment provider to avoid high-risk behaviors involving minors.

## CONCLUSIONS

Defendant's criminal history category is VI. With a Grade C violation, defendant has an advisory guideline range of imprisonment of 8 to 14 months. The statutory maximum to which defendant can be sentenced upon revocation is 36 months, pursuant to 18 U.S.C. § 3583(e)(3), because the offense of conviction is a Class C felony. Title 18 U.S.C. § 3583(h) authorizes another term of supervised release to follow imprisonment.

Defendant's violations are highly concerning, given his history of sex offenses and the grooming behavior described in his presentence report. Nevertheless, I decline to revoke his supervision. I will instead modify his conditions to address his inappropriate high-risk behavior. Defendant has agreed to these additional conditions.

ORDER

IT IS ORDERED that the conditions of supervised release imposed on defendant on September 11, 2020, are amended to add the following Special Conditions:

| SPECIAL CONDITIONS OF SUPERVISION | JUSTIFICAITON |
|---|---|
| 9) **Defendant shall not go to, or remain at, any place for the purpose of observing, communicating with, or spending time with minors. Defendant must stay at least 1,000 feet away from any recreational or educational facility devoted to children, such as schools, playgrounds, skate parks, water parks, public swimming pools (if any children are present), children's areas in museums, and toy stores. Exceptions to this condition must be approved in advance by the supervising U.S. Probation Officer.** | Pursuant to 18 U.S.C. § 3563(b)(6), the Court may provide that a defendant "refrain from frequenting specified kinds of places' which has been specifically defined above. The Court has the authority to provide for public protection and rehabilitation under 18 U.S.C. § 3553(a)(2)(C) and (D). This special condition enables the supervising U.S. probation officer to satisfy the statutory requirements to keep informed of the conduct and condition of the defendant, report the defendant's conduct and condition to the Court, and aid the defendant and bring about improvements in his conduct and condition pursuant to 18 U.S.C. §§ 3603(2)-(3). |
| 10) **Participate for a period of 180 days in a location monitoring program that may include the following technologies: active GPS monitoring. Defendant shall abide by the technology requirements implemented at the direction of the supervising U.S. Probation Officer. Defendant shall be responsible for the cost of location monitoring. During this period, defendant shall remain at defendant's residence every day from 7:00pm to 6:00am. Exceptions for employment and education purposes; religious services; medical, mental health, and substance abuse treatment; attorney visits; court appearances; and other activities are to be pre-approved by the supervising U.S. Probation Officer.** | Based on the offense of conviction and the need to protect the public from further criminal activity perpetrated by the defendant. |

Entered this 13TH day in September, 2021

                        BY THE COURT:

                        /s/

                        James D. Peterson
                        District Judge